IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN T. GREEN, ANTWAN DAVIS
and LAURENT JONES,

                         Plaintiffs,

    v.

UNITED STATES OF AMERICA, as a whole,
CONGRESS, UNITED STATES SUPREME COURT,
as a whole, 13 COLONIES, GEORGIA, SOUTH
CAROLINA, NORTH CAROLINA, VIRGINIA,
MARYLAND, DELAWARE, PENNSYLVANIA,
NEW JERSEY, NEW YORK, RHODE ISLAND,
MASSACHUSETTS, NEW HAMPSHIRE,
CONNECTICUT, JANE DOES 1-25 and
JOHN DOES 1-25

                         Defendants.

ORDER

11-cv-163-slc

---

       This is a group action brought by plaintiffs, inmates at the Columbia Correctional Institution, alleging violations of their constitutional rights. Each asks for leave to proceed *in forma pauperis.* A decision on the requests will be delayed until each plaintiff pays an initial partial payment of the $350 filing fee and until each plaintiff confirms that he wishes to prosecute his action in a group complaint, despite the consequences of doing so as I will explain in this order.

       First, although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. *Boriboune v. Berge*, 381 F.3d at 856. Before this court can screen the complaint, each plaintiff will have to pay an initial partial payment of the fee pursuant to 28 U.S.C. § 1915(b) and is responsible for paying the remainder of the fee in installments pursuant to 28 U.S.C. § 1915(b)(2).

Second, the court is required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action on a finding that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Therefore, each plaintiff assumes the risk of incurring a strike if any one claim relating to any other plaintiff warrants a strike under § 1915(g). According to the court of appeals, when a prisoner in a group complaint signs the pleading, he attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Therefore, he assumes the risk of incurring a strike if any one claim relating to any other plaintiff warrant a strike under § 1915(g).

Third, each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

Finally, in screening the complaint, the court will consider whether the action of one plaintiff should be severed from the action of the other plaintiff and, if it decides severance is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Should plaintiffs choose to prosecute this case jointly, each will be required to submit a trust fund account statement for the six-month period immediately preceding the filing of the complaint so that I can assess an initial partial payment of the $350 filing fee. Although plaintiff Green submitted a partial trust account statement, it did not cover the full six-month period preceding the filing

of this action. Therefore, each plaintiff should submit a trust fund account statement for the six-month period beginning approximately September 1, 2010 and ending approximately March 1, 2011. Once plaintiffs have each submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that:

(1) Each plaintiff may have until April 1, 2011, in which to advise the court whether he wishes to prosecute this action jointly.

(2) If the plaintiffs decide to proceed with the action, then each plaintiff has until April 1, 2011 to submit a trust fund account statement covering the period beginning approximately September 1, 2010 and ending approximately March 1, 2011. If, by April 1, 2011, any plaintiff fails to submit the required statement, then the court will assume that that plaintiff has voluntarily withdrawn from this lawsuit and the court will dismiss that plaintiff from this lawsuit without charging him any portion of the $350 filing fee.

Entered this 7th day of March, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge